OPINION OF THE COURT
Martin B. Stecher, J.
Petitioner is an applicant for public assistance. She contends that her only resources are $13 per week paid to her by the occupational and vocational school she attends. She has apparently been denied public assistance on the theory that savings she previously had were withdrawn from a bank in order to create an eligibility for public assistance. It is her contention that these funds have been used exclusively to maintain her since withdrawal.
The response of the respondent Commissioner of Social Services of the City of New York has followed a predictable course: first, there was an application for an adjournment, then there was a motion to dismiss on legal grounds with the knowledge that should the motion to dismiss be denied, an opportunity must be granted to the commissioner to interpose an answer. What petitioner seeks is an interim support allow *205 anee pending the fair hearing which she is obligated to pursue in order to obtain any remedy from the initial disallowance. It is the respondent’s position that it is acceptable public policy to allow petitioner to starve, perhaps, while bureaucrats make records. The commissioner urges that this court has no authority to order interim relief.
The cross motion is totally without merit and is denied, with costs of $40. The motion for an interim allowance is granted pursuant to the provisions of section 133 of the Social Services Law. In my view, "the fair hearing” is an "investigation” presently pending and to deny support is to violate the duty imposed on the commissioner by law.
Settle order providing for temporary assistance at the rate to which the petitioner would be entitled by law in the absence of funds withdrawn and allegedly retained from said bank.